FILED OCT 23 2008 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD THAINE BELL,

    Petitioner,

v.

DARREL ADAMS, Warden,

    Respondent.

NO. ED CV 08-841-R(E)

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

    IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

```
 1        IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
 2   the Magistrate Judge's Report and Recommendation and the Judgment
 3   herein by United States mail on Petitioner and counsel for
 4   Respondent.
 5
 6        LET JUDGMENT BE ENTERED ACCORDINGLY.
 7
 8        DATED:   Oct. 21, 2008            , 2008.
 9
10                                    _____
                                           MANUEL L. REAL
11                                    UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD THAINE BELL, | ) | NO. ED CV 08-841-R(E) |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| DARREL ADAMS, Warden, | ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On June 24, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." On August 12, 2008, Respondent filed a "Motion to Dismiss, etc.," and lodged certain documents. The "Motion to Dismiss, etc." asserts the bar of limitations. Petitioner filed "Petitioner's Opposition, etc." on September 2, 2008.

**BACKGROUND**

Pursuant to a plea of *nolo contendere*, Petitioner was convicted and sentenced in San Bernardino Superior Court on October 21, 2005 (Petition at 2; Lodgment 3). Petitioner did not appeal (Petition at 3). Petitioner did not file a collateral challenge to his conviction until May 9, 2007, when Petitioner constructively filed a petition for writ of habeas corpus in San Bernardino County Superior Court (Lodgment 5).[1]

**DISCUSSION**

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

///
///

---

[1] Petitioner apparently signed this Superior Court petition on May 9, 2007. Logically, this date would be the earliest date Petitioner could have delivered the petition to prison authorities for mailing and, hence, the earliest date the petition can be deemed filed under the "mailbox rule." See Stillman v. LaMarque, 319 F.3d 1199, 1201-02 (9th Cir. 2003).

```
 1      (A) the date on which the judgment became final by the
 2      conclusion of direct review or the expiration of the time
 3      for seeking such review;
 4
 5      (B) the date on which the impediment to filing an
 6      application created by State action in violation of the
 7      Constitution or laws of the United States is removed, if the
 8      applicant was prevented from filing by such State action;
 9
10      (C) the date on which the constitutional right asserted was
11      initially recognized by the Supreme Court, if the right has
12      been newly recognized by the Supreme Court and made
13      retroactively applicable to cases on collateral review; or
14
15      (D) the date on which the factual predicate of the claim or
16      claims presented could have been discovered through the
17      exercise of due diligence.
18
19      (2) The time during which a properly filed application for
20      State post-conviction or other collateral review with
21      respect to the pertinent judgment or claim is pending shall
22      not be counted toward any period of limitation under this
23      subsection.
24
25      Because Petitioner did not appeal, Petitioner's conviction became
26 final on December 21, 2005, the first day after the passage of
27
28
```

60 days following sentencing. See former Cal. Ct. R. 30.1.[2] Therefore, the statute of limitations began to run from December 21, 2005, unless subsections B, C, or D of 28 U.S.C. section 2244(d)(1) furnish a later accrual date. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001). As discussed below, no later accrual date applies.

Section 2244(d)(1)(B) is inapplicable. Petitioner has failed to show that illegal conduct by the state or those acting for the state actually prevented Petitioner from preparing or filing a timely petition.

Subsection C of section 2244(d)(1) is also inapplicable. Petitioner does not assert any claim based on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See Dodd v. United States, 545 U.S. 353, 360 (2005) (construing identical language in section 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made the new rule retroactive); Tyler v. Cain, 533 U.S. 656, 664-68 (2001) (for purposes of second or successive motions under section 2255, a new rule is made retroactive to cases on collateral review only if the Supreme Court itself holds the new rule to be retroactive). Petitioner invokes Cunningham v. California, 549 U.S. 270 (2007) ("Cunningham"). The United States Supreme Court has not held that

---

[2] As of January 1, 2007, California Rule of Court 8.308(a) superseded former California Court Rule 30.1 with regard to appeals in criminal cases.

1  Cunningham constitutes a new rule retroactively applicable to cases on
2  collateral review. Accordingly, subsection C of section 2244(d)(1) is
3  inapplicable to Petitioner's claim. See Schuller v. Horel, 2008 WL
4  3914171, at *1 n.2 (C.D. Cal. Aug. 25, 2008) (because no right was
5  newly recognized in Cunningham, subsection C is inapplicable);
6  Martinez v. Hedgepeth, 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)
7  (because Cunningham was not a new rule, subsection C is inapplicable);
8  Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal. July 14, 2008)
9  (because "[t]he Supreme Court has not recognized Cunningham as a new
10 rule," subsection C is inapplicable); see also Butler v. Curry, 528
11 F.3d 624, 633-39 (9th Cir. 2008) (Ninth Circuit has held Cunningham
12 retroactive because Cunningham did not constitute a new rule).
13
14      Section 2244(d)(1)(D) does not furnish an accrual date later than
15 December 21, 2005 for Petitioner's claims. Under section
16 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through
17 diligence could discover) the important facts, not when the prisoner
18 recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150,
19 1154 n.3 (9th Cir. 2001) (citation and internal quotations omitted);
20 see United States v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005), cert.
21 denied, 547 U.S. 1021 (2006) (habeas petitioner's alleged "ignorance
22 of the law until an illuminating conversation with an attorney or
23 fellow prisoner" does not satisfy the requirements of section
24 2244(b)(1)(D)). Petitioner plainly knew or should have known by
25 December 21, 2005 the "important facts" on which he bases his present
26 claims. The running of the statute of limitations does not await the
27 issuance of judicial decisions that help would-be petitioners
28 recognize the legal significance of particular predicate facts. Id.;

see Hally v. Scribner, 2007 WL 809710, at *3 (E.D. Cal. Mar. 15, 2007), adopted, 2007 WL 988066 (E.D. Cal. Apr. 2, 2007).

Nor does the running of the statute of limitations await a petitioner's gathering of "every possible scrap of evidence that might support his claim." Jurado v. Burt, 337 F.3d 638, 644 (6th Cir. 2003); see also Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998); Powelson v. Sullivan, 2006 WL 2263908, at *3 (N.D. Cal. Aug. 8, 2006) (petitioner not entitled to delayed accrual of claim challenging sentence, where petitioner was present at 1988 sentencing hearing, although petitioner allegedly did not obtain physical evidence supporting claim until 2005 when he looked in his prison file); Tate v. Pierson, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), aff'd, 52 Fed. App'x. 302 (7th Cir. 2002), cert. denied, 538 U.S. 965 (2003) ("[a]ccrual does not await the collection of evidence supporting the facts"). Petitioner is not entitled to a delay of accrual until the date he obtained transcripts; he was or should have been aware much earlier of the factual predicates for his claims. See Tolbert v. Cockrell, 2001 WL 1516744, at *4 (N.D. Tex. Nov. 7, 2001) ("Tolbert is confusing his knowledge of the factual predicates of his claims with the time permitted for gathering evidence in support of his claims"); see also Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied, 537 U.S. 1121 (2003) (absence of transcripts, including transcripts of prosecutor's closing argument, did not entitle petitioner to equitable tolling on claim of prosecutorial misconduct, where petitioner "was present at trial and knew the basis on which he could have asserted prosecutorial misconduct"); Smith v. Carroll, 2004 WL 1588293, at *4 (D. Del. July 12, 2004) (petitioner not entitled to

equitable tolling on account of allegedly missing transcripts, where factual predicates for petitioner's claims were raised in earlier state court appeal; "Smith has not demonstrated how a complete trial transcript was necessary for him to file a habeas petition based on facts he already knew").[3]

Thus, subsections B, C, and D of section 2244(d)(1) are inapplicable. Consequently, the statute of limitations began to run on December 21, 2005 and, absent tolling, expired on December 21, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001). As discussed below, tolling is unavailable.

Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." Such tolling is unavailable in the present case because more than a year elapsed between the finality of Petitioner's conviction and the filing of Petitioner's first state court petition for collateral review. The filing of a state petition after the expiration of the statute does not revive or otherwise toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit

---

[3] To the extent Petitioner attempts to predicate a claim upon his allegedly belated discovery of the absence of a police report, the result herein would remain the same. Petitioner has not and cannot predicate a colorable claim on the mere absence of a police report. See generally Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006) (court may dismiss even an unexhausted claim on the merits where the claim is not "colorable").

the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (AEDPA statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge). Therefore, statutory tolling is unavailable.

The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see also Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that equitable tolling could apply to habeas statute of limitations set forth in 28 U.S.C. section 2244(d)); Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418 (citation omitted); see also Lawrence v. Florida, 127 S. Ct. at 1085.

///

1  No basis for equitable tolling appears in the record.
2  Petitioner's general allegations regarding ignorance of the law and
3  lack of legal assistance for the preparation of his post-conviction
4  collateral challenges cannot justify equitable tolling. See <u>Rasberry</u>
5  <u>v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("we now join our
6  sister circuits and hold that a pro se petitioner's lack of legal
7  sophistication is not, by itself, an extraordinary circumstance
8  warranting equitable tolling"); <u>Oetting v. Henry</u>, 2005 WL 1555941
9  (E.D. Cal. June 24, 2005) ("Neither ignorance of the law nor pro se
10 status are the sort of extraordinary events upon which a finding of
11 equitable tolling may be based. [citations]."), <u>adopted</u>, 2005 WL
12 2000977 (E.D. Cal. Aug. 18, 2005); <u>Freeman v. Kearney</u>, 2004 WL
13 2323711, at *5 (D. Del. Oct. 12, 2004) ("indigence," "lack of legal
14 knowledge," and "lack of education" do not constitute extraordinary
15 circumstances warranting equitable tolling); <u>Holloway v. Jones</u>, 2001
16 WL 1149352, at *3 (E.D. Mich. Sept. 28, 2001) (indigency resulting in
17 lack of professional legal assistance is not an "extraordinary
18 circumstance"); <u>Ekenberg v. Lewis</u>, 1999 WL 13720, at *2 (N.D. Cal.
19 Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do
20 not constitute such extraordinary circumstances"); <u>United States v.</u>
21 <u>Maldanado</u>, 1997 WL 360932, at *3 (E.D. Pa. June 26, 1997) ("[t]hat the
22 defendant is not knowledgeable in the law is no excuse for failing to
23 abide by the limitation period . . ."); <u>Bolds v. Newland</u>, 1997 WL
24 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("[e]quitable tolling is
25 available only when extraordinary circumstances beyond a prisoner's
26 control make it impossible for him to file a petition on time . . .
27 Ignorance of the law and lack of legal assistance do not constitute
28 such extraordinary circumstances").

1  Finally, Petitioner appears to argue that the dismissal of the
2  Petition would result in a "miscarriage of justice." In this regard,
3  the Ninth Circuit has left open the possibility of an "actual
4  innocence" exception to the statute of limitations for a petitioner
5  who shows that "in light of all the evidence, including evidence not
6  introduced at trial, 'it is more likely than not that no reasonable
7  [trier of fact] would have found petitioner guilty beyond a reasonable
8  doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting
9  Schlup v. Delo, 513 U.S. 298, 327 (1995) ("Schlup"). Under the Schlup
10 standard, to show actual innocence sufficient to overcome a procedural
11 default, a petitioner must furnish "'new reliable evidence . . . that
12 was not presented at trial.'" See House v. Bell, 547 U.S. 518, 537
13 (2006) (quoting Schlup, 513 U.S. at 324; ellipses added); Griffin v.
14 Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied, 541 U.S. 998
15 (2004). The petitioner must "show that, in light of all available
16 evidence, it is more likely than not that no reasonable juror would
17 convict him of the relevant crime." Smith v. Baldwin, 510 F.3d 1127,
18 1140 (9th Cir. 2007) (en banc) (citation and footnote omitted), pet.
19 for cert. filed (Mar. 21, 2008) (No. 07-10081). The actual innocence
20 exception "should 'remain rare' and 'only be applied in the
21 extraordinary case.'" Cooper v. Brown, 510 F.3d 870, 923 (9th Cir.
22 2007) (quoting Schlup, 513 U.S. at 321). The Schlup standard
23 "contemplates a greater showing than insufficiency to convict or doubt
24 about [the petitioner's] guilt." Id. (citation and internal
25 quotations omitted). "Under these standards, a petitioner must
26 affirmatively prove that he is probably innocent." Id. (citation
27 omitted). Petitioner's attempted showing of actual innocence falls
28 far short of these exacting standards, particularly in light of

1 | Petitioner's entry of a plea of *nolo contendere*. See <u>Johnson v.
2 | Knowles</u>, ___ F.3d___, 2008 WL 4014731 (9th Cir. Sept. 2, 2008) (claim
3 | of miscarriage of justice cannot excuse untimely filed petition absent
4 | proof of actual innocence).
5 |
6 | Accordingly, the statute of limitations ran continuously from
7 | December 21, 2005 and expired on December 21, 2006. Therefore, the
8 | statute of limitations bars the present Petition.
9 |
10 | **RECOMMENDATION**
11 |
12 | For the foregoing reasons, IT IS RECOMMENDED that the Court issue
13 | an Order: (1) approving and adopting this Report and Recommendation;
14 | and (2) denying and dismissing the Petition with prejudice.
15 |
16 | DATED: September 11, 2008.
17 |
18 | _____/s/_____
19 | CHARLES F. EICK
    | UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.